UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRIAN HERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-109-JMS-WGH |
| | ) | |
| LT. D. MEYER, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Defendant's Motion to Dismiss and Plaintiff's Motion to Amend and Directing Further Proceedings**

For the reasons explained in this Entry, the defendant's motion to dismiss [dkt. 22] is **granted in part and denied in part.** The plaintiff's motion for leave to amend [dkt. 36] is **denied.**

**I. Motion to Dismiss**

**A.    Background**

Plaintiff Brian Herron ("Mr. Herron"), an inmate at the United States Penitentiary ("USP") in Tucson, Arizona, alleges that his constitutional rights were violated while he was an inmate at the USP in Terre Haute, Indiana ("USP-TH"). Mr. Herron brings his claims under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). He seeks compensatory and punitive damages.

Mr. Herron alleges that Lt. D. Meyer was deliberately indifferent to his safety, in violation of the Eighth Amendment to the United States Constitution, and also punished Mr. Herron for objecting to being housed with another inmate and filing administrative complaints against various Bureau of Prison ("BOP") employees, in violation of the First Amendment. In

the screening Entry issued on May 14, 2013, the Court concluded that these were the only claims that would proceed.

Lt. Meyer seeks dismissal of the complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* Mr. Herron has opposed the motion to dismiss and seeks leave to amend his complaint. Lt. Meyer has opposed the motion to amend.

**B.     Allegations**

Mr. Herron alleges in his complaint that he is wheelchair bound and wears medical undergarments for incontinence. On December 28, 2011, Mr. Herron was housed in the Special Housing Unit ("SHU") at the USP-TH in the lower B range in a cell that was wheelchair accessible. Mr. Herron alleges he suffers from severe cognitive and motor deficits due to an assault in January of 2008 which caused head injuries including a subdural hematoma.

Mr. Herron alleges that on that day, Lt. Meyer came to Mr. Herron's cell along with other unnamed correctional officers and an inmate who was handcuffed from behind wearing security paper clothing. Lt Meyer asked Mr. Herron if he "ha[d] a problem with being housed in the same cell with this guy." Mr. Herron did not know the other inmate and alleges that the other inmate told him he had just been released from four-point restraints for "beating up" his previous cellmate. Mr. Herron verbally objected to being housed in the same cell as the other inmate because he feared the other inmate would attack him. Mr. Herron told Lt. Meyer that he had been taunted and physically attacked by his previous cellmate and had been housed by himself since December 21, 2011. Mr. Herron alleges that Lt. Meyer loudly told him that "you are not going to sit in my SHU living high on the hog - I have something in store for you." Lt. Meyer and other SHU officers then placed Mr. Herron in handcuffs and carried him while sitting in his wheelchair up the stairs to another cell on the upper A range, which was non-handicap and not wheelchair

accessible. The cell was sometimes used to place out-of-control inmates in physical restraints. It contained a single concrete bed with restraint attachments and no shower.

Mr. Herron alleges that he told Lt. Meyer that he could not transfer onto the toilet without handicap handrails on the wall and toilet. He further alleges that Lt. Meyer ignored his plea and closed the cell door and left the range. Several hours later, Mr. Herron attempted to transfer from his wheelchair to the toilet. Mr. Herron fell and hit his face on the sink/toilet, wall and floor, causing swelling and a laceration to his right forehead and knocking him temporarily unconscious. SHU staff discovered Mr. Herron. He was seen by a nurse and then transported to a local hospital emergency room where he was treated and returned to the prison at 2:30 a.m. the next morning.

### C. Legal Standard

In considering a motion to dismiss for failure to state a claim, the Court reviews the complaint in light of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, which provides: "A pleading that states a claim for relief must contain: a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of complaints that state no actionable claim. In conducting an appropriate analysis for this purpose,

> [a]ll well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. [*Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)]. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965, 1973 n.14, 167 L.Ed.2d 929 (2007)).

*Hale v. Victor Chu,* 614 F.3d 741, 744 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### D. Discussion

Defendant Meyer argues that he is entitled to dismissal of both of the plaintiff's claims. The Court will address each one in turn.

#### 1. Eighth Amendment Claim

To state a conditions of confinement claim under the Eighth Amendment, a plaintiff must allege that 1) he was incarcerated under conditions that posed a substantial risk of serious harm, and 2) the defendant was deliberately indifferent to that risk. *See Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008). To state deliberate indifference, the plaintiff must allege that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Miller, ex rel. Bertram v. Tobiasz,* 680 F.3d 984, 989 (7th Cir. 2012) (internal quotations omitted).

In response to a motion to dismiss pursuant to Rule 12(b)(6), "a plaintiff need only show that the complaint contains the necessary allegations to state a claim." *Smith v. Knox County Jail,* 666 F.3d 1037, 1039 (7th Cir. 2012). Lt. Meyer argues that Mr. Herron suffered no constitutional deprivation. Lt. Meyer notes that Mr. Herron did *not* allege that he was deprived of his wheelchair, denied medical care, deprived of basic needs, or suffered inhumane conditions for a prolonged period of time. While this is true, Mr. Herron does allege that he told Lt. Meyer that he could not transfer from his wheelchair onto the toilet without handicap handrails on the wall and toilet. Lt. Meyer allegedly ignored Mr. Herron and closed the cell door. The issue at the pleading stage is whether knowing of Mr. Herron's difficulty in using the toilet put Lt. Meyer on notice of a substantial risk of harm.

"*[P]ro se* pleadings deserve liberal construction" and Mr. Herron's allegations do not foreclose the possibility that a reasonable jury could find that Lt. Meyer was deliberately indifferent to a serious risk of harm. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Under these circumstances, the Court does not find that it appears "beyond doubt that [Mr. Herron] can prove no set of facts consistent with his complaint that would entitle him to relief." *Id.* Drawing all reasonable inferences in Mr. Herron's favor, Lt. Meyer's motion to dismiss the claim of deliberate indifference must be **denied.**

2. **Retaliation Claim**

Mr. Herron alleges that Lt. Meyer punished him for objecting to being assigned a cell-mate and for filing administrative grievances. In screening the complaint, the Court generously construed this as a claim of retaliation.

"Prisoners' grievances, unless frivolous, concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment." *Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) (internal citation omitted). To state on a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a motivating factor in the state actor's decision to take adverse action. *Id*. "A motivating factor is a factor that weighs in the defendant's decision to take the action complained of--in other words, it is a consideration present to his mind that favors, that pushes him toward, the action." *Id.* at 1006.

As noted, Mr. Herron objected to having a cell-mate. Mr. Herron does not have a right to demand a single cell, and objecting to having a cell-mate is not protected activity. *See Oden v. Wall,* No. 94-2833, 69 F.3d 539, *3 (7th Cir. Oct. 26, 1995) (unpublished) ("An inmate has no

protected interest in choosing his cell assignment."); *Richards v. White,* 957 F.2d 471, 475 (7th Cir. 1992) (denial of single cell was a legitimate penological decision). Therefore, he has not stated a claim of retaliation in relation to being assigned a cell-mate. Although filing grievances is protected activity, Mr. Herron had not filed any such complaints before Lt. Meyer took him to the non-accessible cell. Mr. Herron has failed to state a claim upon which relief can be granted because Lt. Meyer's actions were not taken in response to any protected activity. The facts alleged by Mr. Herron, even if taken as true, do not support a claim of retaliation.[1] Lt. Meyer's motion to dismiss [dkt. 22] any claim of retaliation is **granted.**

## II.  Motion to Amend

Mr. Herron seeks leave to amend his complaint. He wishes to add a claim pursuant to 18 U.S.C. § 4042. That statute sets forth various duties of the BOP. 18 U.S.C. § 4042 does not, however, create a private cause of action against individual BOP officers. *Harper v. Williford,* 96 F.3d 1526, 1527 (D.C. Cir. 1996) ("section 4042 does not create a private right of action against federal officials"). Leave to amend a complaint should not be granted "if it is clear that any amendment would be futile." *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013). It would be futile to add a claim under 18 U.S.C. § 4042. Therefore, Mr. Herron's motion to amend [dkt. 36] is **denied.**

## III.  Further Proceedings

Lt. Meyer shall have **through March 17, 2014,** in which to file his answer to the complaint, in which deliberate indifference is the only remaining claim.

**IT IS SO ORDERED.**

02/20/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] This is not to say that evidence of Mr. Herron's objection is not admissible, as it may well be relevant to Lt. Meyer's state of mind.

Distribution:

Brian Herron, 07930-033, Tucson United States Penitentiary, Inmate Mail/Parcels, P.O. Box 24550, Tucson, AZ 85734

Electronically registered counsel